Citation Nr: 1744018 
Decision Date: 09/27/17 Archive Date: 10/10/17

DOCKET NO. 14-06 381 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Denver, Colorado


THE ISSUE

Entitlement to service connection for a bilateral hearing loss disability. 


REPRESENTATION

Veteran represented by: Colorado Division of Veterans Affairs


ATTORNEY FOR THE BOARD

S. Baxter, Associate Counsel







INTRODUCTION

The Veteran had active service from August 1963 to August 1965.

This matter is before the Board of Veterans' Appeals on appeal from a July 2012 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Denver, Colorado, that denied service connection for bilateral hearing loss.

The Board notes that the Veteran was scheduled for a videoconference hearing in August 2017. However, the Veteran did not show up to his scheduled hearing. As the record does not contain any additional requests for an appeals hearing, the Board deems the Veteran's request for a hearing to be withdrawn. See 38 C.F.R. § 20.704(d).

This is a paperless appeal located on the Veterans Benefits Management System (VBMS) and Virtual VA paperless claims processing system. The Board has reviewed the electronic records maintained in both VBMS and Virtual VA to ensure consideration of the totality of the evidence.


FINDING OF FACT

Bilateral hearing loss manifested more than one year after separation, and is not shown to be causally or etiologically related to an in-service event, injury, or disease.


CONCLUSION OF LAW

A bilateral hearing loss disability was not incurred in or aggravated by service, and such incurrence may not be presumed. 38 U.S.C.A. §§ 1101, 1112, 1113, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309, 3.385 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. Duties to Notify and Assist
VA has met all the duty to notify and assist provisions under the Veterans Claims Assistance Act of 2000 (VCAA). See 38 U.S.C.A. §§ 5103, 5103A (West 2014); 38 C.F.R. §§ 3.159, 3.326 (2016).

Duty to Notify

As to the claim for an ear disability, VA's duty to notify was satisfied by a December 2011 letter. See 38 U.S.C.A. §§ 5102 , 5103, 5103A (West 2014); 38 C.F.R. § 3.159 (2016); see also, Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015).

Duty to Assist

VA has fulfilled its duty to assist in obtaining identified and available evidence needed to substantiate the claim. Service treatment records and personnel records and post-service treatment records have been associated with the record. 

Additionally, during the appeal period the Veteran was afforded VA audiological examination in August 2013. The examiner conducted an examination and provided sufficient information regarding the Veteran's bilateral hearing loss disability such that the Board can render an informed determination. The Board finds that the August 2013 examination is adequate for service connection purposes.

II. Service Connection

Generally, to establish service connection a Veteran must show: "(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service." Davidson v. Shinseki, 581 F.3d 1313, 1315-16 (Fed. Cir. 2009); Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). Service connection may also be granted for any injury or disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease or injury was incurred in service. 38 C.F.R. § 3.303 (d). 

Service connection may also be established for a current disability on the basis of a presumption that certain chronic diseases, to include organic diseases of the nervous system, manifesting themselves to a certain degree within a certain time after service must have had their onset in service. 38 U.S.C.A. §§ 1112, 1113, 1137; 38 C.F.R. §§ 3.303, 3.304, 3.307, 3.309(a). For organic diseases of the nervous system, the disease must have manifested to a degree of 10 percent or more within one year of service. 38 C.F.R. § 3.307 (a)(3).

If there is no manifestation within one year of service, service connection for a recognized chronic disease can still be established through continuity of symptomatology. Walker v. Shinseki, 708 F.3d 1331 (2013); 38 C.F.R. §§ 3.303 (b), 3.309. Continuity of symptomatology requires that the chronic disease have manifested in service. 38 C.F.R. § 3.303 (b). In-service manifestation means a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time, as opposed to isolated findings. Id. 

VA is required to give due consideration to all pertinent medical and lay evidence in evaluating a claim for disability benefits. 38 U.S.C.A. § 1154 (a). Lay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). 

Lay evidence cannot be determined to be not credible merely because it is unaccompanied by contemporaneous medical evidence. Buchanan v. Nicholson, 451 F.3d 1331, 1336-37 (Fed. Cir. 2006). However, the lack of contemporaneous medical evidence can be considered and weighed against a Veteran's lay statements. Id. Further, a negative inference may be drawn from the absence of complaints or treatment for an extended period. Maxson v. West, 12 Vet. App. 453, 459 (1999), aff'd sub nom. Maxson v. Gober, 230 F.3d 1330, 1333 (Fed. Cir. 2000).

Bilateral Hearing loss 

The Veteran contends he is entitled to service connection for bilateral hearing loss. For the reasons stated below, the Board finds that service connection for bilateral hearing loss is not warranted on a direct or presumptive basis. 

Beginning with direct service connection, the Veteran has a current diagnosis of bilateral hearing loss for VA purposes, reflected by an August 2013 VA examination report. 38 C.F.R. § 3.385. Therefore, a current disability has been shown. Second, the Veteran has contended both that his hearing loss was caused by exposure to noise related to his duties as a radio carrier operator. Personnel records reflect that the Veteran served as a radio carrier operator, and therefore in-service noise exposure is conceded. Based on this evidence, an in-service event, injury or disease has been shown and the second element of service connection met. 

Turning to the third element, the preponderance of the evidence is against a finding of a causal nexus between the Veteran's hearing loss and his active duty service. The Veteran wrote on his notice of disagreement, that he was constantly exposed to loud static noise while in service. He reported that he was exposed to noise from artillery, tanks, and small arms fire while he participated in field exercises. The Veteran's wife provided a statement in February 2012. She wrote that over a period of years she noticed sounds of different pitches had become difficult for the Veteran to hear. While the Veteran and his wife are competent to testify to the presence of persistent symptoms since service, they are not competent to opine as to the presence of a medical nexus between his service and his current disability, as to do so requires medical expertise. Jandreau, 492 F.3d 1372.

The Veteran was afforded a VA examination in May 2012. The examiner diagnosed the Veteran with sensorineural hearing loss in his right and left ear. The examiner opined that the Veteran's hearing loss is at least as likely as not (50 percent probability or greater) not related of an event in his military service. The examiner stated that, "hearing was normal at separation. There is no scientific basis for the existence of delayed onset hearing loss due to acoustic trauma." However, the examiner was provided the wrong Veteran's claims file information, therefore, the Veteran was afforded another VA examination in August 2013.

VA examination in August 2013 contained a negative opinion as to the etiology of his current hearing loss. She diagnosed the Veteran with sensorineural hearing loss in his right and left ear. The examiner based on a review of the record and an examination of the Veteran provided an opinion. In the opinion, the examiner indicated that it was less likely than not that the Veteran's bilateral hearing loss was causally related to his active duty service. The audiologist stated that, "the separation audiogram showed hearing within normal limits 250-8k Hz, AU on June 18, 1965. There is no scientific basis for the existence of delayed onset hearing loss due to acoustic trauma." 

Based on the competent and credible lay and medical evidence of record, the Board finds the preponderance of the evidence is against a finding of a causal nexus between the Veteran's bilateral hearing loss and active duty service. While the Veteran has reported as to his belief generally that there is a connection, his statements are outweighed by the 2013 VA medical opinion of record, which indicates that hearing loss was not apparent until well after service, and that record does not support a link between the current bilateral hearing loss and the noise exposure in service. Significantly, the examiner's rationale was not limited to discounting a nexus between service and the current hearing loss because hearing loss was not shown in service, but further explained that there is no scientific basis for delayed onset hearing loss due to acoustic trauma. The Board is not categorically dismissing the Veteran and his wife lay statements. Rather, the Board finds the statements have less probative value than the VA examiner who has medical experience and training and who relied on sound medical principles in the opinion and reasoning. The VA examiner also based the opinion upon the review of the claims file. As the third element is not met, service connection for bilateral hearing loss on a direct basis is not warranted in this case. 38 C.F.R. § 3.303.

Concerning service connection based on the presumption in favor of chronic diseases or continuity of symptomatology, the Veteran has been diagnosed with bilateral sensorineural hearing loss, which is considered an organic disease of the nervous system and is therefore a chronic disease for VA purposes. 38 C.F.R. § 3.309 (a). As such, these theories of entitlement are potentially applicable.

Service treatment records (STRs) revealed that the Veteran's induction and separation examination were normal. The April 1963 pre-induction examination report indicated that the Veteran marked "no" for any ear, nose, or throat trouble. The examiner in the clinical evaluation indicated that the Veteran had occasional canal problems. The Veteran's audiogram was within normal limits. However, in the VA June 1965, separation examination report the Veteran marked "no" for ear, nose, and throat trouble. The examiner in the clinical evaluation indicated that the Veteran's ears were normal. The Veteran's audiogram was within normal limits.

The preponderance of the evidence is against a finding of sufficient manifestations in service to identify the disease entity or manifestation to a compensable degree within one year of separation from service. STRs for the period of active service are silent for any complaints of hearing difficulty in-service. Post-service treatment records are silent for any medical evidence that the Veteran had compensable hearing loss for VA purposes until 2012. Thus, the first objective evidence of compensable hearing loss is many years after the Veteran's separation from service.

As noted above, the Veteran has otherwise set forth his belief that his current hearing loss is related to service, these statements are outweighed by the medical opinion. Based on this evidence, the Board finds that the preponderance of the evidence is against a finding that the Veteran's bilateral hearing loss either manifested in service to a degree sufficient to identify the disability or to a compensable degree within the first post-service year. As such, service connection based on the presumption in favor of chronic diseases or on continuity of symptomatology is not warranted. Walker, 708 F.3d 1331; 38 C.F.R. §§ 3.303(b), 3.307, 3.309(a).

Although the Veteran has established a current disability and an in-service injury, event or disease, the preponderance of the evidence weighs against a finding that the Veteran's bilateral hearing is causally related to his service or manifested within an applicable presumptive period. Since the preponderance of the evidence is against the claim, the benefit of the doubt rule is not applicable. See 38 U.S.C.A. § 5107 (b); Ortiz v. Principi, 274 F.3d 1361, 1364 (Fed. Cir. 2001); Gilbert v. Derwinski, 1 Vet. App. 49, 55-57 (1990); 38 C.F.R. § 3.102. For these reasons, the claim is denied.


ORDER

Entitlement to service connection for a bilateral hearing loss disability is denied.



____________________________________________
MICHAEL A. PAPPAS
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs